UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

VONDA JORDAN, ET AL  CIVIL ACTION NO. 12-cv-1575

VERSUS  JUDGE FOOTE

RAVISH PATWARDHAN  MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Vonda and Jimmy Jordan ("Plaintiffs") filed a medical malpractice suit in state court against Dr. Ravish Patwardhan, who then removed the case based on an assertion of diversity citizenship between Plaintiffs (Louisiana) and Patwardhan (New York). Plaintiffs promptly filed a Motion to Remand (Doc. 12) on the grounds that Dr. Patwardhan was actually, like themselves, a citizen of Louisiana at the relevant times. If Plaintiffs are correct, there is no basis for diversity jurisdiction.

The parties in this and a related case (12-cv-1576) were allowed to engage in discovery regarding Dr. Patwardhan's citizenship. That discovery began in July 2012 and should by now be complete, but the parties have not yet completed the briefing of the Motion to Remand.

Plaintiffs, in October 2012, filed a Motion for Leave to Amend Complaint (Doc. 27) by which they propose to add two new defendants who they assert will destroy diversity and require remand regardless of Dr. Patwardhan's citizenship. The first proposed new defendant is Comprehensive Neurosurgery Network, LLC ("Comprehensive"), Dr. Patwardhan's alleged employer. That entity's citizenship is determined by looking to the citizenship of its

members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). Dr. Patwardhan represents that the LLC has a single member, himself, so this returns us to the issue of whether Dr. Patwardhan is a citizen of New York or Louisiana. The second proposed defendant is Louisiana Medical Mutual Insurance Co. ("LAMMICO"), which Dr. Patwardhan concedes "is a Louisiana citizen." Doc. 32, p. 2. Accordingly, allowing Plaintiffs leave to amend the complaint and sue LAMMICO would destroy diversity and require remand.

If after removal a plaintiff seeks to join a new defendant whose joinder would destroy subject matter jurisdiction, the court may (1) deny joinder or (2) permit joinder and remand the case. 28 U.S.C. § 1447(e). The court's decision of the issue is guided by the factors set forth in Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987). See also Cobb v. Delta Exports, Inc., 186 F.3d 675, 678-79 (5th Cir. 1999). Although leave to amend is ordinarily freely granted, Hensgens instructs that when a district court is faced with an amendment that adds a non-diverse party it "should scrutinize that amendment more closely than an ordinary amendment." Id. at 1182.

The court must balance the defendant's interests in maintaining the federal forum with the competing interest of not having parallel lawsuits. Factors to be considered include (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors

bearing on the equities. Hensgens, 833 F.2d at 1182; Hawthorne Land Co. v. Occidental Chemical Corp., 431 F.3d 221, 227 (5th Cir. 2005).

Plaintiffs report that their counsel now have 242 open files in which there are allegations of medical malpractice against Dr. Patwardhan spanning the years 2006 to 2010. There are said to be about 30 other malpractice claims against Dr. Patwardhan in which the plaintiffs are represented by other counsel. Some of the cases have made it through the medical review panel process and are now pending in Caddo Parish state court. All of those cases are said to be assigned to a single judge, Judge Roy Brun, who is formulating a comprehensive case management order to provide for the orderly disposition of the hundreds of such claims working their way through the panel and state court system. Only two such cases are known to have been removed to federal court: this case and 12-cv-1576. If the proposed amendment is allowed, this case will be remanded. (A similar motion to amend has been filed in the companion case, but that case involves Texas plaintiffs, so adding Louisiana defendants in that case will not require remand.)

Plaintiffs state that they wish to sue LAMMICO because it provides $100,000 of coverage to Dr. Patwardhan, subject to a possible $300,000 limit on all claims made during a certain period. Given the number of claims known, Plaintiffs state that it is necessary to join LAMMICO so that they can fully discover and delineate the exact coverage actually available, address any aggregation issues, and ensure collectability of any judgment.

Dr. Patwardhan states that Plaintiffs, through their counsel, were well aware of the existence of LAMMICO long before they filed suit in state court. Patwardhan articulates no

facts and point to no evidence, such as other suits by Plaintiffs' counsel in which LAMMICO was an original defendant, to support this assertion, but it is likely given the extent of related litigation that counsel would have known of the insurer. As for Plaintiffs, the court understands why they would want to sue LAMMICO, but they have not explained why they did not do so in the original petition rather than wait until four months after removal to attempt to add the non-diverse insurer.

Considering the timing and lack of explanation, it appears that the purpose of the proposed amendment is, at least to a significant extent, intended to defeat federal jurisdiction. Plaintiffs were perhaps dilatory in the sense that they did not include LAMMICO as an original defendant, but they sought amendment only a few months into the case and before any substantial development happened in federal court. It is difficult to assess whether Plaintiffs will be significantly injured if the amendment is not allowed. The court believes that there are concerns about the amount of available insurance, but Plaintiffs have not persuasively explained why it is necessary to actually join the insurer as a defendant to obtain the portion of available coverage to which they are entitled. On the other hand, the court almost always allows the joinder of a liability insurer in a tort case. Other relevant factors include the number of similar cases pending in state court before a single judge, which will help ensure that the cases are handled in a consistent manner. Although one case will remain in this court, returning this case to state court will further the goal of consistent treatment of similar cases.

The court has considered all of the relevant factors disclosed by the briefs and record. It is persuaded that Plaintiffs had a desire, at least in part, to destroy diversity jurisdiction by means of their amendment. On the other hand, it is quite common for a liability insurer to be named as a defendant, and there would certainly be no basis for an improper joinder argument had LAMMICO been named an original defendant. Reasonable minds could perhaps differ, but the undersigned finds that the best exercise of this court's discretion in these circumstances is to allow the proposed amendment and remand this case to state court. The **Motion for Leave to Amend Complaint (Doc. 27)** is **granted** and, subject to the stay set forth in the accompanying order, this case is **remanded** to the First Judicial District Court, Caddo Parish, Louisiana, where it was pending as Civil Action No. 559,701. The earlier filed **Motion to Remand (Doc. 12)** is **denied as moot**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 28th day of January, 2013.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE