U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 29 2013

TONY R. MOORE, CLERK
BY _____ DEPUTY


UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| VONDA JORDAN, ET AL | CIVIL ACTION NO. 12-1575 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| RAVISH PATWARDHAN | MAGISTRATE JUDGE MARK HORNSBY |

## MEMORANDUM ORDER

Before the Court is the Defendant's appeal of Magistrate Judge Hornsby's Memorandum Order, in which he granted the Plaintiffs' motion for leave to file a supplemental and amended complaint. [Record Document 40]. The effect of the Plaintiffs' amendment is that diversity jurisdiction is destroyed, therefore, Magistrate Judge Hornsby remanded the instant case to the First Judicial District, Caddo Parish, Louisiana. See Record Document 34. For the reasons that follow, Magistrate Judge Hornsby's Memorandum Order is AFFIRMED and this case is REMANDED to the First Judicial District Court.

## BACKGROUND

In May of 2012, the Plaintiffs filed a medical malpractice suit in state court against the Defendant, Dr. Ravish Patwardhan. Dr. Patwardhan, in turn, removed the suit to federal court on the basis of diversity jurisdiction, alleging that although the Plaintiffs are citizens of Louisiana, he is a citizen of New York. The Plaintiffs filed a motion to remand, asserting that Dr. Patwardhan is not a citizen of New York, but rather is still a citizen of

Louisiana, thus destroying diversity jurisdiction. In July of 2012, Magistrate Judge Hornsby allowed the parties to engage in discovery regarding Dr. Patwardhan's citizenship in order to resolve the diversity jurisdiction question. See Record Document 18. In October, before the citizenship issue was determined, the Plaintiffs filed a motion for leave to amend their complaint to add two new defendants: (1) Comprehensive Neurosurgery Network, LLC, Dr. Patwardhan's alleged employer, and (2) Louisiana Medical Mutual Insurance Company ("LAMMICO"). See Record Document 27. Dr. Patwardhan opposed the Plaintiffs' motion to amend, as the amendment would destroy diversity jurisdiction and divest this Court of federal jurisdiction. See Record Document 32.

Upon review, Magistrate Judge Hornsby found that, based upon Dr. Patwardhan's representations, Comprehensive Neurosurgery Network, LLC has only a single member, that being Dr. Patwardhan himself. Thus, the issue remained of whether Dr. Patwardhan is a citizen of Louisiana or New York. As to LAMMICO, however, Dr. Patwardhan conceded that it is a Louisiana citizen whose joinder as a defendant would destroy diversity jurisdiction. Consequently, he opposed its addition as a party in the litigation, as he claimed the Plaintiffs were adding LAMMICO solely to defeat diversity jurisdiction. Weighing the four factors set forth in Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987), Magistrate Judge Hornsby found that the best exercise of discretion would be to allow the Plaintiffs' amendment. In so doing, he acknowledged that the Plaintiffs were motivated by a desire to destroy diversity jurisdiction. He further acknowledged that the

Plaintiffs had failed to persuasively explain why they needed to join the insurer to obtain the coverage to which they are entitled. However, he noted that the court almost always permits a plaintiff to join an insurer as a defendant and that there were legitimate concerns about the amount of available insurance. Finally, Magistrate Judge Hornsby was persuaded by the fact that there are hundreds of other cases pending against Dr. Patwardhan, some of which had been through the medical review process and are pending in Caddo Parish state court. All of those cases have been assigned to a single judge, Judge Roy Brun, who is formulating a comprehensive case management order to provide for the orderly disposition of the hundreds of claims. Magistrate Judge Hornsby concluded that allowing these cases to be handled by one judge "will help ensure that the cases are handled in a consistent manner." Record Document 34 at p. 4. For those reasons, he granted the Plaintiffs' motion for leave to amend the complaint and remanded the case to the First Judicial District Court. This appeal followed.

## LAW AND ANALYSIS

I.  Magistrate Appeal Standard.

Magistrate Judge Hornsby's ruling on the Plaintiffs' motion to amend was a non-dispositive matter.[1] The action taken there is not listed in 28 U.S.C. § 636(b)(1)(A) as

---

[1] The Court notes that although Magistrate Judge Hornsby's grant of the motion to amend resulted in a remand of the case, this is permissible so long as review of the ruling by the district court is not foreclosed. See Escuadra v. Geovera Specialty Ins. Co., 739 F.Supp.2d 967, 971-972 (E.D. Tex. 2010). Here, Magistrate Judge Hornsby's Order of Remand specifically allowed an appeal to the District Judge and was stayed until any appeal to the District Judge was decided. See Record Document 35.

one of the dispositive motions (often referred to as the "excepted motions") that a magistrate judge may not decide. Magistrate Judge Hornsby's Memorandum Order was not a recommendation to the district court; rather, it was an order from the magistrate judge on a non-dispositive matter that requires the district court to uphold the ruling unless it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995) and Perales v. Casillas, 950 F.2d 1066, 1070 (5th Cir. 1992). This Court will review Magistrate Judge Hornsby's legal conclusions de novo, and will review his factual findings for clear error. See Choate v. State Farm Lloyds, No. 03-2111, 2005 WL 1109432, *1 (N.D. Tex. May 5, 2005).

II. Dr. Patwardhan's Appeal.

At the outset, the Court notes that Dr. Patwardhan has failed to cite to the applicable standard of review, and his appeal is simply a rehashing of the arguments previously considered and rejected by Magistrate Judge Hornsby. That is, Dr. Patwardhan's appeal argues that the Plaintiffs' sole reason for adding LAMMICO is to defeat diversity jurisdiction and that the Plaintiffs failed to show how they would be prejudiced by the inability to add LAMMICO. Dr. Patwardhan also challenges Magistrate Judge Hornsby's conclusion that it would be more efficient to allow the cases to move through the state system with a single judge, arguing that there is no competent evidence as to how many suits are pending in state court and no evidence that the medical issues in each case are similar to those presented here. An independent review of the record leads the Court to conclude that Magistrate Judge Hornsby's decision was neither clearly erroneous nor

contrary to law.

"When faced with an amended pleading naming a new nondiverse defendant in a removed case," the court should "scrutinize that amendment more closely than an ordinary amendment." Hensgens, 833 F.2d at 1182. Under Hensgens, four factors are considered in determining whether to allow the joinder of a defendant who would destroy diversity jurisdiction: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in seeking the amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors which bear on equity. Id. The court is instructed to use its discretion when deciding whether to allow a nondiverse party to be added. Id.

Even if this Court assumes, without deciding, that the purpose of the Plaintiffs' amendment is to defeat diversity jurisdiction, that factor alone does not outweigh the other factors which the Court must consider. The Plaintiffs were not dilatory in seeking this amendment, but rather did so within five months of filing their petition in state court. No scheduling order has been issued. In addition, outside of discovery related to jurisdictional issues, no other discovery has been conducted. The only matters of significance that have been addressed in the federal lawsuit relate to the issue of remand. Under these circumstances, the Court finds that the Plaintiffs were not dilatory, and the five month delay has not been prejudicial. As to the third factor, like the Magistrate Judge, this Court cannot gauge whether the Plaintiffs will be "significantly injured" if denied the ability to add LAMMICO. However, the Court holds that under any other circumstances, the

joinder of this Defendant would be wholly proper and above reproach. Finally, like Magistrate Judge Hornsby, the Court is persuaded by the fact that there are other medical malpractice cases pending against Dr. Patwardhan in state court, all of which have been assigned to a single judge to administer. Even if the Court does not know the unique facts and allegations of every such case, it is reasonable to believe that allowing one judge to handle similar allegations (that is, medical malpractice claims) against a single doctor is the most efficient practice and promotes the likelihood of consistent and equitable treatment.

Courts are entitled to use their discretion in deciding issues such as the one presented here. Magistrate Judge Hornsby felt it was the "best exercise of this court's discretion in these circumstances" to allow the Plaintiffs to amend, resulting in remand. Record Document 34, p. 5. In reurging the very same arguments presented to Magistrate Judge Hornsby, Dr. Patwardhan has failed to demonstrate that Magistrate Judge Hornsby's exercise of discretion was clearly erroneous or contrary to law.

## CONCLUSION

The Court finds that Magistrate Judge Hornsby's Memorandum Order was based on sound reasoning and was neither clearly erroneous nor contrary to law.

Accordingly,

**IT IS ORDERED** that Dr. Patwardhan's Magistrate Appeal [Record Document 40] be and is hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that the Memorandum Order [Record Document 34] be and is hereby **AFFIRMED**. The stay previously entered [Record Document 35] is hereby

LIFTED and this action is **REMANDED** to the **FIRST JUDICIAL DISTRICT COURT, CADDO PARISH, LOUISIANA.**

**THUS DONE AND SIGNED** this 29th day of March, 2013.

